IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

|  |  |  |
|---|---|---|
| THERESA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00834 |
| | ) | |
| DON WAGNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **PROTECTIVE ORDER**

The disclosures and discovery in this case will involve production of confidential information and materials. The parties agree that any such confidential information and materials shall not be made public, or otherwise disseminated, except as set forth in this Protective Order.

Based on the agreement of the parties and the Joint Motion to Enter Stipulated Protective Order regarding the need to preserve the confidentiality of certain types of information, materials, and documents that may be requested or otherwise disclosed in this litigation, and also to preserve privilege and work product protection with respect to information, materials, and documents that may be inadvertently produced in discovery in this lawsuit, the Court finds that good cause exists for issuance of a Protective

Order in this lawsuit pursuant to Fed. R. Civ. P. 26(c) and, upon due consideration, the motion is hereby **GRANTED.**

**IT IS HEREBY ORDERED THAT:**

As used in this Order, **CONFIDENTIAL MATERIAL** shall mean and refer to any documents or things discovered through the course of or used in this litigation that the producing party deems to contain **CONFIDENTIAL MATERIAL** and marks or designates as **CONFIDENTIAL.** To the extent it is practical to do so, the designating party must designate as **CONFIDENTIAL** only those parts of the material, documents, items, or oral or written communications that would qualify as confidential information, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Any party may object to the designation of materials as **CONFIDENTIAL** within 60 days of receipt of the materials, and the parties shall try to resolve any issues regarding confidentiality informally before the issue is presented to the Court. If the dispute cannot be resolved informally, it shall be the obligation of the party challenging the designation to file an appropriate motion requesting that the Court determine whether the information should be subject to the terms of this Order.

All **CONFIDENTIAL MATERIAL** shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with the provisions of this Order.

Access to **CONFIDENTIAL MATERIAL** shall be limited to counsel of record for the respective parties to this action and regular employees and law clerks of said counsel who are assisting in this litigation, expert witnesses identified by any party, consulting experts of any party, witnesses and parties in this litigation, court reporters, videographers, mediators, and appropriate court personnel in the regular course of litigation. Nothing in this paragraph allows for any party to disclose publicly past or present Kansas City Police Department ("KCPD") employees and/or the Board of Police Commissioners ("BOPC") members' home address, social security number, non-work telephone number, medical information, or any other personal information about KCPD, the BOPC and/or their employees.

Disclosure of the **CONFIDENTIAL MATERIAL** to the parties of this litigation and/or to any other persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform said person(s) of the terms of this Protective Order, and said person(s) agrees to be bound by its terms.

If any third-party subpoena seeks to compel production of any

**CONFIDENTIAL MATERIAL** from the party who has received it under the terms of this Order, the party who received such subpoena or who is sought to be compelled to produce shall immediately give notice to the other parties of this action, and give the other parties an opportunity to intervene in such action to make objections regarding the subpoena or request to compel production. NO confidential documents or information can be produced unless and until another court orders production of such **CONFIDENTIAL MATERIAL** over any objections from any party to this case.

If it becomes necessary to submit **CONFIDENTIAL MATERIAL** to the Court in connection with any filings or proceedings in this litigation, the party using it shall move the Court to file such **CONFIDENTIAL MATERIAL** under seal with the Clerk of the Court.

Counsel shall promptly report any breach of the provisions of this Order to the Court and all counsel of record. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any **CONFIDENTIAL MATERIAL** (both in hard form and electronic form) that may have been disclosed to persons not authorized by this Order to receive it.

Nothing in this Order shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from

independent sources.

Upon final conclusion of this litigation, including all appeals, counsel to whom **CONFIDENTIAL MATERIAL** has been disclosed shall return such **CONFIDENTIAL MATERIAL**, (and all copies thereof and all other papers containing such **CONFIDENTIAL MATERIAL**) to the party which produced it, or take measures to destroy copies of said **CONFIDENTIAL MATERIAL**.

**IT IS SO ORDERED.**

_____

GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

DATED: March ___, 2021